UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>JOSE A. BRITO (a/k/a "Ronald Fermin Ronoso"),<br><br>        Defendant. | **ORDER**<br><br>20 Cr. 63 (PGG) |
| JOSE A. BRITO,<br><br>        Petitioner,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 21 Civ. 7572 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

    On October 30, 2020, Jose Brito pleaded guilty before Magistrate Judge Ona T. Wang to unlawfully entering the United States after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Plea Tr. (20 Cr. 63, Dkt. No. 40)) On January 7, 2021 this Court accepted Brito's plea (20 Cr. 63, Dkt. No. 46), and on January 13, 2021, the Court sentenced Brito to 24 months' imprisonment (20 Cr. 63, Dkt. No. 49). On January 20, 2021, Brito filed a notice of appeal. (20 Cr. 63, Dkt. No. 51)

    On August 31, 2021, Brito filed a petition pursuant to 28 U.S.C. § 2255. (20 Cr. 63, Dkt. No. 59)[1] On September 16, 2021, this Court denied Brito's Section 2255 petition

---

[1] Brito's Section 2255 petition was terminated due to a filing error and re-filed in 20 Cr. 63 and 21 Civ. 7572 on September 9 and 10, 2021, respectively. (20 Cr. 63, Dkt. No. 60; 21 Civ. 7572, Dkt. No. 1)

without prejudice, finding that his petition was premature in light of Brito's pending direct appeal.  (Dkt. No. 2)[2]  On April 4, 2022, the Second Circuit dismissed Brito's appeal as moot, noting that Brito's appeal challenged the substantive reasonableness of his sentence, but that he had completed his prison term on September 7, 2021.  (20 Cr. 63, Dkt. No. 62)

Pending before this Court is Brito's motion to re-open his Section 2255 petition and to stay his deportation from the United States.  (July 23, 2022 Emergency Motion to Re-Open and Stay Removal (Dkt. No. 3); July 31, 2022 Emergency Motion to Stay Removal or Deportation (Dkt. No. 10))

On July 27, 2022, the Government filed an opposition, arguing that this Court lacks jurisdiction to grant Brito relief under Section 2255, since Brito has served his sentence for his criminal conviction, and is thus no longer "in custody" for purposes of Section 2255.[3]  (Govt. Br. (Dkt. No. 6) at 15-17)  According to the Government, after Brito was released from the custody of the Federal Bureau of Prisons on September 7, 2021, he was placed in the custody of the Department of Homeland Security ("DHS").  (Klaybor Decl. (Dkt. No. 7) ¶ 46)  On February 16, 2022, an immigration judge ordered Brito removed to the Dominican Republic.  (Id. ¶ 56)

---

[2]  Unless otherwise specified, all docket citations in the remainder of this order are to the docket in Brito v. United States, No. 21 Civ. 7572 (PGG).
[3]  The Government also argues that, "[i]f the Court were to construe Petitioner's Motion as filed under [28 U.S.C.] § 2241," the Court lacks jurisdiction to grant Brito relief because (1) Brito is confined outside this District, in an immigration detention center in the Western District of New York; and (2) "district courts are jurisdictionally-barred from considering challenges to removal-related findings or orders," pursuant to 8 U.S.C. § 1252.  (Govt. Br. (Dkt. No. 6) at 17-22)  The Government also notes that Brito has two Section 2241 petitions pending in the Western District of New York.  (Id. at 13-14; see Brito v. Mayorkas, No. 21 Civ. 1077 (JLS) (W.D.N.Y) (filed on September 8, 2021 in the Southern District of New York and transferred to the Western District of New York on October 1, 2021); Fermin-Reynoso v. Warden, No. 22 Civ. 379 (LJV) (W.D.N.Y) (filed on May 19, 2022))  Brito has not asked this Court to construe his petition as filed under Section 2241 (see Pet. Reply Br. (Dkt. No. 11)), and – in light of the jurisdictional issues identified by the Government and Brito's pending petitions in the Western District of New York – this Court will not do so.

Brito filed an appeal with the Board of Immigration of Appeals ("BIA"), but on July 11, 2022, the BIA dismissed his appeal. (Id. ¶¶ 57-58) Brito is scheduled to be deported to the Dominican Republic on August 2, 2022. (Id. ¶ 60) He is currently detained at the Buffalo Detention Facility in Batavia, New York. (Id. ¶ 61)

Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A petitioner "must satisfy the jurisdictional 'in custody' requirement" at the time of filing the petition. See United States v. Rutigliano, 887 F.3d 98, 104 (2d Cir. 2018) (quotation marks and citations omitted). "Once 'the sentence imposed for a conviction has completely expired,' . . . 'the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'" Okhio v. United States, No. 12-CR-179(EK), 2022 WL 595257, at *1 (E.D.N.Y. Feb. 28, 2022) (quoting Ogunwomoju v. United States, 512 F.3d 69, 74 (2d Cir. 2008)). Indeed, "a petitioner in immigration detention or under a final order of removal as a result of a criminal conviction is not considered 'in custody' for the purposes of Section 2255." Eisa v. Immigr. & Customs Enf't, No. 08 CIV 6204 (FM), 2008 WL 4223618, at *4 (S.D.N.Y. Sept. 11, 2008).

Here, Brito has completed the 24-month sentence imposed by this Court and was released to DHS custody on September 7, 2021, pending his removal from the United States. (See Klaybor (Dkt. No. 7) ¶¶ 46-61) The sentenced imposed by this Court has thus been fully discharged. Notwithstanding Brito's argument to the contrary (see Pet. Reply Br. (Dkt. No. 11) at 4), "collateral consequences of [Brito's] conviction – including deportation proceedings – do

3

not render an individual in custody for . . . purposes [of Section 2255]." <u>Okhio</u>, 2022 WL 595257 at *1.

Because Brito is not "in custody" for purposes of Section 2255, this Court lacks jurisdiction to entertain his Section 2255 petition. Accordingly, Brito's motion to re-open his Section 2255 petition and to stay the deportation proceedings will be denied. The Clerk of Court is directed to terminate the motions (21 Civ. 7572, Dkt. Nos. 3, 10), and to close the pending case – <u>Brito v. United States</u>, No. 21 Civ. 7572 (PGG).

Dated: New York, New York
       August 1, 2022

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge